(No. 4133—

EDWARD E. DOCKRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

N. T. AXMAN, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

On November 16, 1948 claimant, Edward E. Dockry, filed his complaint seeking an award in the sum of $146.61 for property damage to his automobile alleged to have resulted from respondent's negligence in maintaining a dangerous condition on a State highway (Illinois Route 50) known as Cicero Avenue, in Chicago, Illinois.

The record consists of the Complaint, Transcript of

Evidence, Departmental Report, and Stipulation waiving brief of respondent and claimant.

Claimant, on his own behalf, testified that about 5:20 P. M. on January 15, 1947 he was driving North on the East side of Cicero Avenue approaching 40th Street, in Chicago, Illinois. It was dark, raining and hazy. As he was driving north along Cicero Avenue between 39th and 40th Streets traveling about 30 miles an hour, with his lights on, he was thrown violently; the car catapulted in the air and he lost control of the car. Upon getting out of the car he observed a hole in the pavement about 5½ inches deep, six feet long and varying in width up to twelve inches. There was no barricade or warning on the highway. His three tires were ruptured and drive shaft cracked. He expended a total of $112.94 for new tires, tubes, and for materials and labor for repairs, and produced receipts therefor which were received in evidence. He also expended $4.00 for towing, $2.65 for cleaning his suit and overcoat soiled by the accident and was deprived of the use of his car for approximately a week, and expended $27.02 for transportation during this period. These items of damage total $146.61.

Mr. K. A. Johnsen, an engineer employed by the Division of Highways, stated the department report incorporated the information he had furnished following his examination of the scene of the accident. The day following the accident he observed the hole in the pavement. From his experience as an engineer and employee of the Division of Highways, in his opinion a failure or hole of that nature was due to a weakened subgrade and would not develop suddenly, and it probably happened two or three weeks prior to the accident. On cross examination he testified that Cicero Avenue at the point in question was a highly travelled highway.

The Department Report, dated January 17, 1949, stated that contracts for widening and resurfacing Cicero Avenue between 33rd and 63rd Streets were completed on December 20, 1946. A gap eighteen feet wide was left in the pavement on the east side of Cicero Avenue about forty feet north of the Sanitary District Canal for the purpose of affording a smooth connection with a private road and a gas main being constructed easterly from Cicero Avenue. While the gap remained open for about three weeks heavy rains saturated the subgrade and seeped under the east edge of the old pavement. Prior to the report of this accident there had been no finding of any defect at the location in question, and immediately thereafter temporary repairs were made and permanent replacement completed about March 22, 1947. The day following the accident the transverse depression measured approximately six and one-half feet long, four to ten inches wide and five and one-half inches deep.

The record supports a finding that the depression on this highly travelled highway in the absence of any barricade, lights or guards, constituted a hazardous condition, particularly to a motorist on a dark and hazy evening, and that claimant was exercising reasonable care for his own safety. On similar facts we made an award in *Toler* v. *State,* 16 C.C.R. 315.

An award is therefore entered in favor of claimant, Edward E. Dockry, in the sum of $146.61.